IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIS SHUMWAY,<br><br>              **Plaintiff,**<br><br>v.<br><br>TRUPTI S. PATEL d/b/a BUDGET INN and SUNIL D. PATEL d/b/a BUDGET INN,<br><br>              **Defendant.** | Case No. 3:21-cv-00034-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Janis Shumway is a disabled person bringing suit against Defendant Budget Inn ("Budget"), a hotel located in Fairfield, Illinois, for its alleged Americans with Disabilities Act ("ADA") violations associated with its website (Doc. 1, p. 2, 4). Specifically, Shumway claims that Budget's online reservation system ("ORS") violates the ADA's requirements incorporated in 28 C.F.R. § 36.302(e) by failing to provide information relating to the disability accommodations available at its hotel (Doc. 1, p. 3, 4). Shumway makes no allegations of any intention to personally visit the hotel and make use of any of such accommodations. Rather, Shumway is an ADA-compliance "tester," who visits websites such as Budget's "for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA" (Doc. 1, p. 2).

Shumway's claim arises under 42 U.S.C. § 12188(a), which provides a private cause of action for injunctive relief ". . . to any person who is being subjected to

discrimination on the basis of disability in violation of [the ADA] . . ." (Doc. 19, p. 10). She argues that, as a disabled person who visited and intends to revisit Budget's non-compliant website (Doc. 1, p. 5), Budget has discriminated against her "by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e)" (Doc 1, p. 7). This violation, Shumway maintains, constitutes actionable "discrimination" to "any person" who encounters the non-compliant ORS within the meaning of § 12188(a) (Doc. 19, p. 11).

Budget has been served but has never filed a responsive pleading. Despite Budget's present lack of participation in this suit (and thereby failure to challenge Shumway's Article III standing to bring this action), this Court is obligated to address *sua sponte* any obvious standing defects. *See Wylie v. For Eyes Optical Co.*, No. 11-cv-1786, 2011 WL 5515524, at *4 (N.D. Ill. Nov. 10, 2011); *see also MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 747 (7th Cir. 2007) ("if there is no Article III standing, the court is obliged to dismiss the suit even if the standing issue has not been raised"). Because Shumway fails to allege an injury sufficient to meet the "injury-in-fact" requirement of Article III standing, she lacks standing to bring this suit, and her claim must be dismissed for lack of subject matter jurisdiction.

## LEGAL STANDARD

In order to have standing to bring a claim in federal court under the jurisdiction conferred by Art. III, § 2 of the U.S. Constitution, the plaintiff must

establish that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo Inc., v. Robins*, 136 S.Ct. 1540, 1547 (2016).

The injury-in-fact requirement is the "[f]irst and foremost" element of standing. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To establish this element, the plaintiff must demonstrate that the injury suffered is "both concrete *and* particularized" and "'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2136 (1992)). For an injury to be particularized, the harm suffered "must affect the plaintiff in a personal and individual way." *Id.* For an injury to be concrete—a separate and independent inquiry—the harm "must actually exist[,]" and the injury must be "real" and not "abstract." *Lujan*, 112 S.Ct. at 2136. Allegations of "a bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement of Article III." *See Spokeo*, 112 S.Ct. at 1549. Indeed, the Supreme Court has routinely "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *See TransUnion LLC, v. Ramirez*, 141 S.Ct. 2190, 2205 (2021) (quoting *Spokeo*, 112 S.Ct. at 1549).

"[W]hile tester status does not defeat standing, it does not automatically confer it either." *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019). Rather, "[a] tester must still satisfy the elements of standing, including the injury in fact requirement." *Id.*

ANALYSIS

In support of her claim of an injury-in-fact, Shumway chiefly argues that the injury suffered was an "informational injury" (Doc. 19, p. 2, 3). That is, she was injured when she visited Budget's website and was deprived of the accessibility information she was legally entitled to by the ADA's requirements (*Id*.). This deprivation in itself, Shumway maintains, constitutes both a concrete and particularized injury sufficient to meet the injury-in-fact requirement of Article III standing (*See* Doc. 19, p. 28). For the following reasons, the alleged injury fails both requirements.

## I. Particularization

For an injury in this context to be sufficiently particularized, there must be some connection between the individual plaintiff and the defendant that distinguishes her from any other member of the public who may encounter the discriminatory website and suffer the alleged harm from the defendant's ADA violations. *See Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 834 (7th Cir. 2019).

Here, there is no such distinction between Shumway and any other person, disabled or otherwise, who may visit Budget's non-compliant website and be deprived of its accessibility information. Shumway does not allege any intention to visit Budget's hotel or use its ORS and the information required by § 36.302(e)(1) for any purpose beyond her generalized desire to find and redress ADA violations. *See Laufer v. Dove Hess Holdings, LLC*, No. 5:20-cv-00379, 2020 WL 7974268, at *13 (N.D.N.Y.

Nov. 11, 2020). Accordingly, her injury is "no more concrete or particularized than the injuries suffered by *any* disabled individual who happens to stumble across a noncompliant website while surfing the internet from the comfort of their home." *Id*. Thus, absent any specific connection between Shumway and Budget that distinguishes her from others who encounter Budget's website, her alleged injury is insufficiently particularized. *See Carello*, 930 F.3d at 834.

## II.   Concreteness

For similar reasons, Shumway fails to sufficiently allege a concrete injury through her claim of an informational injury. As the Seventh Circuit has noted in addressing similar assertions, "[a] harm is not an informational injury simply because it has something to do with information." *Carello*, 930 F.3d at 835. Rather, "[a]n informational injury occurs when the defendant refuses to provide the plaintiff with information that a law—typically, a sunshine law—entitles [her] to obtain and review for some substantive purpose." *Id*. That is, the plaintiff must have some substantive purpose for using the website that the complained-of ADA violations frustrated. *See Dove Hess*, 2020 WL 7974268, at *15. Here, the purpose articulated by Shumway—merely to find and redress ADA violations—is not the kind that could be frustrated by the alleged ADA violations themselves and suffice as an informational injury alone. Without any definitive intention to visit Budget's hotel or otherwise personally use the information Shumway was deprived of, her injury is "necessarily abstract" and, thus, is insufficiently concrete. *See Carello*, 930 F.3d at 834.

CONCLUSION

Accordingly, Plaintiff Janis Shumway's complaint (Doc. 1) is **DISMISSED with prejudice** due to futility and lack of subject matter jurisdiction. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  January 24, 2022**

                                                                                    **s/ *Stephen P. McGlynn***
                                                                                    **STEPHEN P. McGLYNN**
                                                                                    **U.S. District Judge**